## Armstrong v. East Penn Electric Company.

*Workmen's compensation—Declarations of injured workmen—Improper evidence—Failure to object to improper evidence—Opinion of expert—Tuberculosis.*

1. Where declarations of a deceased workman as to his injuries are too remote, but no objections are made to them before the referee, they become a part of the record.

2. Where a workman suffering from tuberculosis is injured in the course of his employment, an opinion of his physician that the injury aggravated his condition and hastened his death will support an award in favor of his widow.

Appeal by defendant from the decision of the Workmen's Compensation Board sustaining the award by the referee in the plaintiff's favor. C. P. Schuylkill Co., Jan. T., 1926, No. 322.

*George Ellis* and *John F. Whalen,* for defendant.

KOCH, J., Jan. 25, 1926.—The defendant claims that the death of Lewis Armstrong, the husband of the claimant, was owing solely to tuberculosis and not to an accident in the course of Armstrong's employment. It appealed to the compensation board on the ground that the referee's award was not in accordance with the evidence presented at the hearing. But the compensation board dismissed the appeal and affirmed the referee's findings of fact, conclusions of law and award in the claimant's favor.

The referee had found that the decedent, on April 7, 1924, "with others, helped to push a Ford truck into a sub-station of the defendant company located at Tamaqua, Pa. In the effort he put forth to push the truck he strained his back. He worked two or three days afterwards. He aggravated this strain when he attempted to carry a bucket of coal into the sub-station. He was immediately disabled. He did not send for a doctor until April 11, 1924, when the claimant called Dr. E. W. Kemner, Tamaqua. He was confined to his bed five or six weeks almost continuously. His condition was such for a time that he could not move. The decedent was in an advanced

stage of pulmonary tuberculosis at the time of the accident he sustained. This injury aggravated his tubercular condition and hastened his death."

Armstrong died from tuberculosis March 2, 1925. He did no work after April 11, 1924.

The evidence must show three basic facts to warrant an award in the claimant's favor, as follows: *(a)* That the deceased helped to push the truck; *(b)* that in so doing he strained his back; and *(c)* that the strain aggravated the deceased's advanced stage of pulmonary tuberculosis and hastened his death.

That the deceased helped to push the truck is borne out by the testimony of William A. Saunders, a boss, who saw Armstrong in the act of pushing. But the only evidence of the strain of Armstrong's back is what Armstrong himself said about it to his wife after he got home from his work on April 7, 1924, and what he said to Dr. Kemner and others on April 11, 1924, and afterwards, and to Dr. Auchmuty, April 19, 1924. All the declarations made by Armstrong to his wife, to his fellow-workmen and to the doctors were inadmissible as part of the *res gestæ* and should not have been received, because they were all made at a time entirely too remote from the happening of the alleged accident. But the admission of the testimony was not objected to, and it, therefore, stands as a part of the record in the case: Eby *v.* Travelers Insurance Co., 258 Pa. 525; Broadnax *v.* Cheraw & Salisbury R. R. Co., 157 Pa. 140. And the effect of the testimony is for the fact-finding body and not for us. The award in this case is based upon the alleged straining of the deceased's back on April 7, 1924, and Dr. Kemner swore positively that the strain aggravated the deceased's tubercular condition to some extent; that it made it worse, and he thinks such aggravation hastened Armstrong's death. Dr. Kemner's opinion is, therefore, sufficient to warrant the referee's conclusion: Balch *v.* Budd Manuf. Co., 277 Pa. 548.

And now, Jan. 25, 1926, the defendant's exceptions are dismissed and the order of the Workmen's Compensation Board is affirmed.

From M. M. Burke, Shenandoah, Pa.